# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID MICHAEL MCLEAN,

        Petitioner,         Case Number: 2:12-CV-10628

v.         HONORABLE LAWRENCE P. ZATKOFF

KENNETH ROMANOWSKI,

        Respondent.

                                 /

## ORDER OF SUMMARY DISMISSAL AND
## DENYING CERTIFICATE OF APPEALABILITY

Petitioner David Michael McLean is a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. Because Petitioner fails to state a claim upon which relief may be granted, the petition will be dismissed.

## I.

Petitioner failed to appear for sentencing in St. Clair County Circuit Court following a jury conviction for several felonies. The trial court entered a bench warrant and an order revoking bond. Petitioner was subsequently found to be in criminal contempt of court and sentenced to 90 days in jail. Meanwhile, Petitioner was charged with absconding on bond, Mich. Comp. Laws § 750.199a. Petitioner pleaded guilty in St. Clair County Circuit Court to absconding on bond. On May 26, 2009, he was sentenced to one year, three months to five years in prison.

Petitioner filed a Motion to Vacate Conviction or Resentence, arguing that his conviction for criminal contempt following his conviction for absconding violated the Double Jeopardy Clause,

and, in the alternative, that he should be given credit for time served on the contempt conviction. The trial court denied the motion. *People v. McLean*, No. 09-000435-FH (St. Clair County Cir. Ct. March 15, 2010).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims:

> I. The present prosecution for absconding following his conviction for criminal contempt for the same conduct constituted a violation of Mr. McLean's double jeopardy rights.
>
> II. Defendant was charged and convicted of an unconstitutional law violating Mich. Const. 1963 Art. 4 §§ 23, 24, 36; Art. 1 §§ 17, 20, thereby violating defendant's right to due process, U.S. Const. Am. V, XIV, which deprived the trial court of subject matter jurisdiction.

The Michigan Court of Appeals granted leave to appeal and affirmed Petitioner's conviction. *People v. McLean*, No. 298260, 2011 WL 2859822 (Mich. Ct. App. July 19, 2011).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. McLean*, 490 Mich. 914 (Mich. Nov. 21, 2011).

Petitioner then filed the pending habeas petition. He raises the same claims raised on direct review in state court.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.

2

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies

3

that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's

4

resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

### A.

First, Petitioner argues that his convictions for absconding on bond and criminal contempt, which arose out of the same act, violate his right to be free from double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature . . . , the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "Where . . . a legislature specifically authorizes cumulative punishment under two statutes for the same conduct, regardless of whether those two statutes prescribe the 'same' conduct, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-

69 (1983). Further, where the same actions may constitute an offense under two separate statutes and may be prosecuted separately under each statute, successive prosecution does not violate double jeopardy so long as the statutes do not define a single offense. *Blockburger v. Unites States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* Under the *Blockburger* test, if each offense contains a different element, no double jeopardy violation arises. *Brown v. Ohio*, 432 U.S. 161, 166 (1977).

In this case, the Michigan Court of Appeals applied the *Blockburger* test and held that each of the two crimes contains an element the other does not. *McLean*, 2011 WL 2859822 at *1. "In a habeas corpus proceeding under section 2254, a federal court should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." *Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir.1993). *See also McDaniel v. Norris*, 38 F.3d 385, 387 (8th Cir. 1994) (citing *Mansfield*, 992 F.2d at 1100)); *Blandin v. Williams*, No. 3:08-cv-2172, 2009 WL 1862527, *4 (N.D. Ohio June 26, 2009) (holding that, on habeas review, a federal court should defer to a state court's application of the "same elements" test).

In addition, the Michigan Court of Appeals held that the two convictions did not violate double jeopardy because the legislature clearly intended to impose separate punishments for the criminal contempt and the criminal act giving rise to such contempt. *McLean,* 2011 WL 2859822, at *2. The Michigan Court of Appeals reasoned, "contempt is designed to punish offenses against the court and, as such, represents a separate and distinct offense from the criminal act which

provides the basis for the contempt adjudication." *Id.* (quotation omitted). The state court concluded that Petitioner's "conviction for criminal contempt was based on an offense against the circuit court, while his conviction for absconding on bond was based on an offense against the state." *Id.*

Accepting, as the Court must, the state court's interpretation of legislative intent and of state law, the Court finds that Petitioner's convictions do not violate the Double Jeopardy Clause.

**B.**

In his second claim, Petitioner argues that the state court lacked subject-matter jurisdiction because the statute pursuant to which he was convicted was not properly enacted. It is well established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The petitioner's claim that the Michigan courts lacked jurisdiction over his criminal case raises an issue of state law and therefore is not cognizable in federal habeas review. *See Samel v. Jabe*, No. 90-1216, 1990 WL 179686, *1 (6th Cir. Nov. 19, 1990); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). A habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis*, 174 F. App'x 948, 952, n.1 (6th Cir. 2006); *see also Doyle v. Scutt*, 347 F. Supp.2d 474, 485 (E.D. Mich. 2004). In addition, federal due process does not require state officials to follow their own procedural statutes and rules. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). Consequently, Petitioner's second claim is not cognizable for purposes of habeas corpus review.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

**V.**

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** and a certificate of appealability is **DENIED**.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: April 12, 2012

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 12, 2012.

                                           s/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290